RECEIVED
IN ALEXANDRIA, LA
AUG 09 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| MELINDA DAWN MITCHELL | CIVIL ACTION NO. 06-0709-A |
|---|---|
| -vs- | JUDGE DRELL |
| STATE FARM LIFE INSURANCE COMPANY, INC. | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court are a Motion to Remand filed by Plaintiff Melinda Dawn Mitchell ("Mitchell") [Doc. #18] and a Motion to Dismiss filed by Defendant ExamOne Worldwide, Inc. ("ExamOne") [Doc. #20]. Both motions are opposed [Doc. ##22 & 25]. After reviewing the pleadings and applicable law, Mitchell's Motion to Remand will be GRANTED and ExamOne's Motion to Dismiss will be DENIED AS MOOT.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant Lorie Odom ("Odom")[1], a phlebotomist employed by ExamOne, collected blood and urine samples from Plaintiff's husband for the purposes of determining whether Mr. Mitchell was eligible for life insurance through State Farm [Doc. ##1 & 22]. It is unclear whether the samples or the results from the blood and

---

[1] The filings contain various spellings of this defendant's name, including Lorrie Odom, Laurie Odom, Lori Odom, and Lorie Odom. In her affidavit, Odom spells her name "Lorie Odom." Accordingly, the Court uses Lorie Odom.

urine tests were lost. Mrs. Mitchell alleges "that the failure to properly handle the blood, the laboratory results, and/or to secure the proper chain of custody for tracking of this blood sample of her husband was careless and negligent and/or breached the contractual obligation of the defendants to properly handle the blood sample and/or the test results." Pet. ¶ 11. Mr. Mitchell was murdered before new samples were obtained. Odom, in her affidavit, swore that, after collection, the "samples were placed in a container and picked up to be shipped to the laboratory in Kansas for testing." Opp'n Mot. Remand, Aff. of Odom. The laboratory reported that the samples were not received. Mitchell seeks monetary damages to compensate her for the difference between the amount of life insurance Mr. Mitchell had at the time of his death and the amount he allegedly would have had but for Defendants' alleged negligence.

Mitchell filed suit in the 10th Judicial District Court, Natchitoches Parish, Louisiana on March 8, 2006 [Doc. #1]. ExamOne filed a Notice of Removal on April 27, 2006 [Doc. #6]. ExamOne claims the proper parties are diverse and the disputed amount exceeds $75,000, thereby making federal subject matter jurisdiction proper. ExamOne's Notice of Removal avers that Mrs. Mitchell is a resident and domiciliary of Louisiana; ExamOne is a corporation organized in New Jersey and has its principal place of business in Kansas; State Farm Life Insurance Company is organized in a state other than Louisiana and has its principal place of business in a state other than Louisiana; and Odom, a Louisiana resident, was fraudulently joined and so her place of domicile should be ignored for the purposes of determining whether the parties are diverse.

2

## DISCUSSION

District courts have original jurisdiction over cases in which the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A defendant who removes a case to federal court, claiming that at least one defendant was improperly joined (and therefore that diversity jurisdiction exists), "bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 574 (5th Cir. 2004). A defendant may establish improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (internal citation and quotation marks omitted). ExamOne relies on the second of these two methods. To satisfy this test, the defendants must show that "there is *no possibility* of recovery by the plaintiff against an in-state defendant," meaning "there is no reasonable basis for the district court to predict that the plaintiff *might* be able to recover against an in-state defendant." Id. (emphasis added). When examining a claim of fraudulent joinder, the court evaluates "factual allegations and ambiguities in controlling state law in favor of the plaintiff." Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996). In the Fifth Circuit, fraudulent joinder claims can be resolved by piercing the pleadings to consider summary judgment-type evidence such as affidavits. Id. The Fifth Circuit "ha[s] consistently held that . . . [the district court] should not conduct a full

evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff." Id.

ExamOne maintains that Odom is fraudulently named because an employee or agent cannot be held personally liable for non-bodily injury to third parties as a result of alleged negligence in the commercial context. Mitchell claims Odom may be liable for her alleged negligence pursuant to LA. CIVIL CODE ART. 2315 and that therefore remand is proper.

In Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973), *superseded by statute on other grounds*, LA. REV. STAT. ANN. § 23:1032, the Louisiana Supreme Court established the following criteria to determine whether an individual employee can be held liable to a third party: (1) the employer owes a duty of care to the third person, breach of which has caused the relevant damage; (2) the employer has delegated this duty to the defendant; (3) the employee has breached his duty through personal (as opposed to technical or vicarious) fault; and (4) the individual must breach a personal duty toward the injured plaintiff, not a general administrative responsibility for some function of employment.

ExamOne had a duty to collect and ship Mr. Mitchell's blood and urine samples properly. As Mitchell currently alleges that the improper handling may have resulted in the loss of the samples, thereby causing the injury, the first element is satisfied. Odom's affidavit clearly shows that ExamOne delegated the duty to collect and ship the

4

samples to her. Opp'n Mot. Remand, Aff. of Odom. As such, the second element of the test is met.

Third, Mitchell alleges Odom breached this duty by failing to handle the samples properly. Odom's affidavit states that "the samples were placed in a container and picked up to be shipped to the laboratory in Kansas for testing." Id. This description is lacking in detail and is phrased so as to avoid addressing the issue of Odom's personal responsibility regarding the sample. The petition squarely disputes any claim of lack of personal responsibility by Odom. Pet. ¶ 15 (stating that "if the blood sample drawn and/or the test results by LAURIE [sic] ODOM had not been mishandled, lost and/or misplaced"). As stated above, for the purposes of evaluating a motion to remand, "all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party." Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990). The third element, therefore, is sufficiently satisfied for purposes of a motion to remand.

Finally, Odom's responsibility was not simply a general administrative one. She was the person who took the actual samples and then allegedly mailed them to the lab. At this point it is worthwhile to discuss the citation by ExamOne of various cases discussing liability for negligence by corporate directors and officers. See, e.g., Unimobil 84, Inc. v. Spurney, 797 F.2d 214 (5th Cir. 1986) (affirming dismissal of suit against corporate officers and directors for negligence based on representations they made on behalf of corporation to corporation's creditors).

5

The general principle behind the denial of liability in these cases derives from the fact that the officers and directors act on behalf of the corporation rather than personally with respect to the third parties. As such, the interest in shielding these defendants from liability does not exist when the plaintiff claims that the named defendant has acted in a personal capacity in causing the alleged injury. This is the case here. We find a meaningful difference between a case involving alleged misrepresentations by a corporate officer or director, see Spurney, 797 F.2d at 217, and one such as this case where, while the named defendant was performing work on behalf of the company, she allegedly acted negligently in carrying out her personal duties as part of her employment. See Anderson & Broussard, L.L.P. v. Bellsouth Corp., No. 04-2408, 2005 WL 2406156, at *2 (W.D. La. Sept. 29, 2005) (distinguishing plaintiffs "seeking to recover from [an individual defendant] any debt or obligation *owed to them by her employer*" from those plaintiffs "seek[ing] to recover from [an individual defendant] damages for which they claim *she is personally at fault*, and, therefore, liable").

Accordingly, cases involving liability of officers and directors are inapposite. The petition plainly alleges that Odom personally acted negligently in a matter directly involving the plaintiff. As such, the fourth and final element is met.

ExamOne further argues that the Canter test only applies to plaintiffs who have suffered bodily injury, and not to those who suffered only economic damages. On this point, we find Anderson & Broussard, L.L.P. v. Bellsouth Corp., No. 04-2408, 2005 WL

2406156 (W.D. La. Sept. 29, 2005) to be persuasive and similar to the case before us.

Rejecting the same argument that ExamOne makes here, Judge Doherty correctly noted:

> [Defendants'] argued interpretation of certain loose applications of Canter would permit a third party plaintiff who has been physically injured to sue an employee for his or her negligent act made on behalf of an employer, while another third party plaintiff injured by the same act (but one who received only financial injury) would be precluded. Although free to make such a distinction, the Louisiana Supreme Court has not [done so]; defendants paint with too broad a brush in their argument. . . .
> The plaintiffs before this Court, are not seeking to recover from [Defendants] any debt or obligation *owed to them by her employer*; instead, they seek to recover from [Defendants] damages for which they claim [the employee] *is personally at fault* and, therefore, liable, a pivotal distinction.

Id. at *1-2 (emphasis original).

The Canter test applies here for the purposes of evaluating the Motion to Remand. Under the Canter test, therefore, liability against Odom is possible. If liability is possible, ExamOne has failed to carry its heavy burden of showing the absence of "any reasonable basis for predicting that [Mitchell] might be able to establish [Odom's] liability on the pleaded claims in state court." Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999). Odom was therefore properly joined. As Odom is a proper party and a citizen of Louisiana, complete diversity does not exist and federal subject matter jurisdiction is not proper. Accordingly, the case must be remanded. While the Court has discretion to award attorney's fees in this situation, we decline to do so. The removal petition raises a sufficiently close question as to make such an imposition of fees unwarranted.

## CONCLUSION

We lack jurisdiction to adjudicate this case. Plaintiff's Motion to Remand will be GRANTED. Plaintiff's Motion for Attorney's Fees will be DENIED. Because we lack jurisdiction, ExamOne's Motion to Dismiss will be DENIED AS MOOT.

SIGNED on this 7th day of August, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE